IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In the Matter of the Subpoena Served Upon Kidds Restaurant, Inc. | Miscellaneous Case No. 16-mc-00047-DRH |

**PLAINTIFFS' MOTION TO TRANSFER PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO THE NORTHERN DISTRICT OF ILLINOIS OR, IN THE ALTERNATIVE, TO COMPEL COMPLIANCE WITH SUBPOENA AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

**INTRODUCTION**

Plaintiffs, former Jimmy John's sandwich shop Assistant Store Managers ("ASMs"), served a Subpoena on Kidds Restaurant, Inc. ("Kidds") on December 30, 2015 (the "Subpoena") (Exhibit A), seeking names and contact information for current and former ASMs of Kidds' Jimmy John's sandwich shop locations. Plaintiffs need the ASMs' names and contact information to send these employees notice of the pending Fair Labor Standards Act ("FLSA") lawsuits pursuant to Court orders issued by the Northern District of Illinois in *Brunner v. Jimmy John's, LLC*, No. 14-cv-5509 (N.D. Ill.) (D.E. 192 at 14-15)[1] & *Watson v. Jimmy John's, LLC*, No. 15-cv-06010 (N.D. Ill.) (D.E. 112 at 12-13). *See* Exhibits B & C (*Brunner* & *Watson* orders). The *Brunner* & *Watson* orders conditionally certified nationwide FLSA collective actions of ASMs who work or worked at corporate and franchisee-owned Jimmy John's sandwich shops. Defendants in the consolidated actions represent that they cannot obtain or otherwise provide Plaintiffs with the ASMs' names and contact information required to provide

---

[1]  Another action – *Whiton v. Jimmy John's LLC,* No. 15-cv-1681 (N.D. Ill.) – was consolidated with the *Brunner* action before all of the cases were consolidated. In this Motion, the *Brunner* and *Whiton* actions are referred to together as "*Brunner*." *Brunner*, *Watson*, and *Whiton* are referred to herein collectively as the "consolidated actions."

1

members of the putative collective with the court-authorized notice.  Defendants contend that Jimmy John's franchisees are the best source for the required contact information.

Kidds is a non-party Jimmy John's franchisee at which ASMs in the conditionally certified collective action are or were employed during the relevant time period of November 13, 2012 to present.  Kidds has refused to comply with the Subpoena.  Plaintiffs are moving to compel Kidds' compliance.  Because a similar motion to compel names and contact information of ASMs employed by another non-party franchisee is pending in the Northern District of Illinois before the same judge (Judge Kocoras) who is presiding over the consolidated actions, pursuant to Fed. R. Civ. P. 45(f), Plaintiffs respectfully request that the Court transfer this Motion to the Northern District of Illinois for disposition.  Declaration of Douglas M. Werman ("Werman Decl.") at ¶ 6.

In the alternative, the Court should compel Kidds to produce documents responsive to the Subpoena.  Plaintiffs seek this information from Kidds solely for the purpose of complying with the *Brunner & Watson* orders, requiring that Kidds' ASMs receive Court-authorized notice, and giving these ASMs an opportunity to join the consolidated actions and stop the statute of limitations from running on their federal FLSA claims.  The narrowly tailored Subpoena only seeks names and contact information for current and former ASMs of Kidds employed since November 13, 2012.  Kidds' reasons for refusing to comply with the Subpoena are baseless and in conflict with rulings made in the consolidated actions.  Plaintiffs request that this Court overrule Kidds' meritless objections and order immediate production of responsive information.

## FACTUAL BACKGROUND

On November 13, 2015, the Court in *Watson v. Jimmy John's, LLC*, No. 15 Civ. 6010 (N.D. Ill.), granted Plaintiffs' motion for conditional certification pursuant to the FLSA,

preliminarily certifying a nationwide collective action of all current and former ASMs at all Jimmy John's stores nationwide, whether corporate-owned or franchisee-owned. Exhibit C. On December 11, 2015, the *Brunner* Court certified the same nationwide collective action. Exhibit B. On January 25, 2016, Judge Kocoras consolidated the *Brunner* and *Watson* actions. Exhibit D. Both orders certifying nationwide collectives ordered the corporate Jimmy John's Defendants to produce a list of contact information for all members of the collective. Exhibit B at 14-15; Exhibit C at 12-13.

Throughout the *Brunner* and *Watson* litigation the corporate Jimmy John's Defendants have repeatedly represented that they do not possess class member contact information for class members who worked at franchised stores and cannot access it.[2] Relying on the corporate Jimmy John's Defendants' representations, Plaintiffs served narrowly tailored third-party document subpoenas on approximately 280 Jimmy John's franchisees. On December 30, 2015, Kidds was served with the Subpoena. Exhibit A (Subpoena); Exhibit E (Affidavits of Service). The Subpoena requires Kidds to produce contact information for all ASMs it formerly employed or currently employs at any time from November 13, 2012 through the present. Exhibit A (Subpoena).

On January 14, 2016, Kidds served written objections to the Subpoena. Exhibit F (Written Objections).[3] In its written objections to the Subpoena, Kidds contended that the

---

[2] For example, in the *Watson* case, Jimmy John's stated, "Defendants do not maintain personnel records regarding franchisee employees. Nor do they have any right to compel franchisees to turn over the information that Plaintiffs are seeking in order to send notice." *Watson* (D.E. 128) at 4. In *Brunner*, Jimmy John's stated, "Jimmy John's does not have, and would not be able to provide, a complete list of the information requested by Plaintiffs for franchisee employees, including addresses or social security numbers." *Brunner* (D.E. 183) at 19-20; *Watson* (D.E. 79) at 11; *see infra* at 9.

[3] Kidds is represented by Anand C. Mathew, Esq. and Matthew S. Disbrow, Esq. of Honigman, Miller, Schwartz and Cohn, LLP's Chicago and Detroit office, respectively, which

3

Subpoena (1) failed to provide a reasonable time to respond; (2) sought irrelevant information; (3) was overbroad and unduly burdensome; (4) sought confidential information; (5) was moot given the status of the case; and (6) was otherwise deficient and unenforceable. *Id.*

On February 25, 2016, at the *Brunner* and *Watson* Court's suggestion, the corporate Jimmy John's Defendants sent an e-mail to all of its franchisees asking them to provide Plaintiffs with contact information for members of the collective. Plaintiffs have waited to make the present motion until the results of the Court-approved e-mail effort were clear. Although Kidds was a recipient of the corporate Jimmy John's Defendants' email, Kidds did not produce the requested information. As of this date, Plaintiffs' claims administrator has contact information for only approximately 5,500 of the more than 30,000 class members. Werman Decl. ¶ 5.

Plaintiffs and Kidds have met and conferred several times regarding its compliance with the Subpoena, resulting in an impasse. *Id.* ¶ 8. Kidds refuses to comply with the Subpoena or Defendants' letters requesting the class contact information. *Id.* ¶ 8.

## ARGUMENT

The Court should transfer this Motion to the Northern District of Illinois which issued the Subpoena. The Northern District of Illinois will address a similar motion to compel a non-party franchisee to provide contact information and transfer will ensure consistency of rulings and enable the Northern District of Illinois to effectuate its prior orders concerning FLSA notice to ASMs by compelling subpoena compliance from non-party franchisees.

In the alternative, the Court should compel Kidds' compliance with the Subpoena. Kidds does not dispute that (1) the Court certified a nationwide collective that includes the ASMs who

---

also represents numerous other franchisees throughout the United States which were served with similar subpoenas.

4

worked for Kidds; (2) the information sought is relevant and necessary to comply with the Court's 2015 orders authorizing notice to the collective; (3) that Kidds' ASMs are part of the collective; (4) that Defendants have claimed that they do not have contact information for Kidds' ASMs; and (5) that there is no other way for Plaintiffs to obtain this information and thereby effectuate the Court's notice orders.  For the reasons below, all of Kidds' objections to the Subpoena are without merit.  The Court should overrule them and order Kidds to comply.

**I.       Transfer of this Motion to the Northern District of Illinois Is Appropriate**

"Federal Rule of Civil Procedure 45 requires subpoena-related motions to be filed in the district where compliance with the subpoena is required."  *Dispatch Printing Co. v. Zuckerman*, 2016 U.S. Dist. LEXIS 10184, at *4 (S.D. Fla. Jan. 27, 2016) (citing Fed. R. Civ. P. 45). However, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f).  "Although Rule 45(f) does not explain what qualifies as an exceptional circumstance, the Advisory Committee Notes to the 2013 amendments provide two examples of situations in which transfer due to exceptional circumstances is appropriate:  (1) when the issuing court has already ruled on issues presented by the motion, and (2) when the same discovery issues are likely to arise in many districts."  *Zuckerman*, 2016 U.S. Dist. LEXIS 10184, at *5.  When considering whether exceptional circumstances exist, the court should consider factors such as "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation."  *Id.* at *6 (citation omitted).  "In addition, the Court should consider whether requiring the local nonparty to litigate subpoena-

related motions in the issuing court would present an undue burden or cost." *Id*. (citation and quotation omitted).

Transfer is particularly appropriate here because the Northern District of Illinois court will soon rule on a similar motion to compel contact information from another Jimmy John's franchise based in that district. Werman Decl. ¶ 6. Plaintiffs are filing similar motions to compel contact information from subpoenaed franchises throughout the United States. *Id*. Because these discovery issues are arising in multiple districts, the Northern District of Illinois court is the proper venue for these motions to be decided to ensure consistency in rulings and promote judicial economy. *Cont'l Auto. Sys., U.S. v. Omron Auto. Elecs., Inc*., 2014 U.S. Dist. LEXIS 84080, at *6 (N.D. Ill. June 20, 2014) (ordering transfer of motion to compel subpoena response to court issuing subpoena to prevent "inconsistent with the rulings in the [issuing court's] case."); *Zuckerman*, 2016 U.S. Dist. LEXIS 10184, at *9 (when subpoenas are issued in various districts, courts transfer motions to compel responses to such subpoena to the issuing court to avoid the "demonstrable risk of inconsistent discovery rulings, which the Advisory Committee Notes expressly recognize as an exceptional circumstance."); *Gaddis v. Garrison Prop. & Cas. Co*., 2016 U.S. Dist. LEXIS 70480, at *4 (W.D. Tex. May 31, 2016) ("exceptional circumstances also exist where the same issues are likely to rise in discovery in many districts.") (quotation and citation omitted).

Moreover, the other factors warranting transfer to the Northern District of Illinois favor Plaintiffs. This is a complex litigation involving thousands of ASMs employed across the United States. Judge Kocoras has presided over these consolidated actions for more than two years and is familiar with the litigation, the hundreds of filings, and the orders directing that an FLSA notice be sent to ASMs at Jimmy John's corporate and franchise stores. Judge Kocoras has

ordered that notice be sent to ASMs (including those employed at Kidds), and he should decide this Motion to compel Kidds to stop thwarting his orders and produce ASM contact information. *Zuckerman*, 2016 U.S. Dist. LEXIS 10184, at *7 (quoting *In re Niaspan Antitrust Litig.*, 2015 U.S. Dist. LEXIS 67525, at *2 (D. Md. May 26, 2015) ("While familiarity with the underlying action will not always justify a transfer, it is a compelling factor in 'highly complex' cases where the issuing court is aware of 'the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation.'")).

Kidds will not suffer any undue burden or cost if this Motion is transferred to the Northern District of Illinois because Kidds is represented by counsel based in Chicago, Illinois and Detroit, Michigan who is defending multiple other franchises in the consolidated actions pending in the Northern District of Illinois. Werman Decl. ¶ 9. Even if there was some burden for Kidds, it does not outweigh the interests in having the Northern District of Illinois resolve this Motion. *Google, Inc. v. Digital Citizens Alliance*, 2015 U.S. Dist. LEXIS 103156, at *14 (D.D.C. July 31, 2015) ("The potential for inconsistent results, the risk of disrupting management of the underlying case, and the need for complex relevancy determinations taken together warrant consolidated case management.").

## II. Plaintiffs' Subpoena Provides a Reasonable Time in Which to Respond.

Kidds' objection that the Subpoena did not provide it with a reasonable time to respond is frivolous. The Subpoena did not require a response within a "mere 10 business days" as Kidds claims. Exhibit F (Written Objections) at 3. To the contrary, the Subpoena expressly provided Kidds with a "reasonable time to respond" and stated that Kidds *should not produce* responsive documents before January 15, 2016 (more than 10 business days after service). Exhibit A (Subpoena) (emphasis added). In any event, Kidds has had more than 172 days to respond.

### III. The Subpoena Is Not Premature.

Kidds is also wrong that the Subpoena is premature because no discovery schedule is in place. Exhibit F (Written Objections) at 1-2. There is a discovery schedule in place. The *Brunner* and *Watson* Court set a deadline of August 9, 2016 for joint employer discovery. Exhibit G (Order). Kidds also fails to provide any authority that a non-party may fail to comply with a validly served document subpoena because no discovery schedule is in place. Moreover, the *Brunner* and *Watson* courts both specifically authorized the discovery of class members' identifying information. Exhibits B & C. The *Watson* Court also specifically held that it was proper for Plaintiffs to serve Subpoena seeking contact information. Exhibit H (Jan. 26, 2016 *Watson* Tr.) 22:13-23:10.

### IV. Plaintiffs' Subpoena Seeks Relevant Information.

Kidds is wrong that the Subpoena seeks irrelevant information. Exhibit F (Written Objections) at 2-3. Plaintiffs' Subpoena seeks contact information for ASMs so that they may receive Court-authorized notice and be given an opportunity to preserve their FLSA claims. It is hard to imagine information more relevant and necessary to effectuate the *Brunner* and *Watson* Courts' notice orders. Exhibits B & C. Certainly, there can be no question that Plaintiffs may ascertain the identity of potential class members through third-party document Subpoena. *See, e.g.*, *Karhu v. Vital Pharm., Inc.,* 621 F. App'x 945, 950 (11th Cir. 2015); *Anglin v. Maxim Healthcare Servs.,* 2009 U.S. Dist. LEXIS 34562, at *7-8 (S.D. Fla. Apr. 3, 2009); *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015).

Kidds also erroneously contends that "[t]he only employees at issue are Jimmy John's employees." *See* Exhibit F (Written Objections) at 3. Kidds knows full well that the *Brunner* and *Watson* notice orders certified nationwide collectives of *all* current and former ASMs who

8

worked at any Jimmy John's store nationwide, regardless of whether the ASM worked at a corporate-owned store or a franchise-owned store. Exhibits B & C.

Additionally, the corporate Jimmy John's Defendants themselves have repeatedly claimed that they do not possess the employee information of ASMs who worked or work at franchise-owned stores. For example, the corporate Jimmy John's Defendants stated, "Defendants do not maintain personnel records regarding franchisee employees. Nor do they have any right to compel franchisees to turn over the information that Plaintiffs are seeking in order to send notice." Exhibit I at 4. The corporate Jimmy John's Defendants also stated, "Jimmy John's does not have, and would not be able to provide, a complete list of the information requested by Plaintiffs for franchisee employees, including addresses or social security numbers." Exhibit J at 19-20; Exhibit K at 11. Pursuant to this *Brunner & Watson* Court's February 19, 2016 Order (Exhibit L), the corporate Jimmy John's Defendants produced thousands of names to the claims administrator without correlating contact information or franchisee identification, making identification of ASMs by franchisees even more important. Werman Decl. ¶ 5. The Subpoena may be the only means for Plaintiffs to ascertain the identity and contact information of hundreds or thousands of potential opt-ins at franchise-owned stores.

## V. The Subpoena Is Not Overbroad or Unduly Burdensome.

The Subpoena is not overbroad or unduly burdensome because they request basic contact information for a limited subgroup of ASMs who worked at Kidds. Exhibit A (Subpoena). Kidds' contentions that the Subpoena "requests the broad production of numerous unspecified documents" and are "vague and ambiguous, and arguably could include voluminous documents wholly unrelated to the case," Exhibit F (Written Objections) at 3-4, are frivolous. The Subpoena seeks only "documents sufficient to show" the information requested. Exhibit A

(Subpoena). Moreover, the requested information is readily available through employee payroll records, or other similar documents readily available and in the custody or control of Kidds.[4]

Kidds also claims that the Subpoena is overbroad in temporal scope, because the Subpoena requests more than three years of employee documents. However, the *Watson* Court certified a nationwide collective of all Jimmy John's ASMs, from November 13, 2012 to the present. Exhibit C. Similarly, the *Brunner* Court certified a nationwide collective of all Jimmy John's ASMs, from December 11, 2012, through the present. Exhibit B. Both Courts certified the collective going back three years from the date of conditional certification, which is the relevant time period. Kidds' argument that a two-year time period is the relevant time period directly contravenes the Courts' notice orders. Accordingly, the Subpoena is not overbroad in temporal scope, or unduly burdensome and Kidds' objections should be overruled.

## VI. There Are No Valid Privacy Concerns.

Kidds' privacy concerns, Exhibit F (Written Objections) at 4, are unfounded because both the *Watson* and *Brunner* courts have authorized and required the disclosure of the identifying class member information sought in the Subpoena, Exhibits B & C, and recently "so-ordered" the parties' joint motion to amend the Agreed Confidentiality Order to protect any confidential information – such as employee contact information – produced by a non-party in response to a request made by either party, including a request through this Subpoena. Exhibit M (Amended Confidentiality Order Stipulation). The privacy of the ASMs who worked for Kidds will therefore be protected.

## VII. The Subpoena Is Not Moot.

Kidds is also wrong that the Subpoena is moot because the Court consolidated the

---

[4] Of course, the FLSA requires Kidds to maintain such records. 29 C.F.R. § 516.5.

*Brunner* and *Watson* cases. Kidds does not explain why the consolidation process or the district court's oversight of the notice process has any effect on the Subpoena or cite any authority for this proposition.

**VIII. Plaintiffs' Subpoena Is Not Procedurally Deficient.**

Kidds asserts that the Subpoena is procedurally deficient and unenforceable under Rule 45(a)(5) because Plaintiffs failed to serve notice of a copy of the Subpoena on the Jimmy John's corporate Defendants before serving Kidds. Kidds is wrong. Plaintiffs properly provided notice to Jimmy John's on December 29, 2015, before serving the Subpoena on Kidds on December 29, 2015. Exhibit N (Electronic Mail Notice to Jimmy John's counsel). Accordingly, Kidds' objection on this ground should be overruled.

### CONCLUSION

For these reasons, Plaintiffs respectfully request the Court grant Plaintiffs' Motion and enter an Order transferring this matter to the Northern District of Illinois for disposition or, in the alternative, enter an Order compelling Kidds to promptly produce documents responsive to Plaintiffs' Subpoena.

Dated: June 20, 2016                             Respectfully submitted,

 

                                                                                          s/Douglas M. Werman
Douglas M. Werman
Sarah J. Arendt
WERMAN SALAS, P.C.
77 West Washington Street, Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008

Counsel for Plaintiffs and the Putative Class and Collective in the Consolidated *Brunner* & *Watson* Actions

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on June 21, 2016.  I also certify that the foregoing document is being served this day on all counsel identified on the attached Service List by first-class mail and electronic mail.

s/Douglas M. Werman<br>
Douglas M. Werman, Esq.

**SERVICE LIST**
*In the Matter of the Subpoena Served Upon Kidds Restaurant, Inc.*
**United States District Court for the Southern District of Illinois**

Matthew S. Disbrow, Esq.
E-mail: mdisbrow@honigman.com
Kimberly A. Yourchock, Esq.
E-mail: kyourchock@honigman.com
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone:  (313) 465-7000

Anand C. Mathew, Esq.
E-mail: amathew@honigman.com
Honigman Miller Schwartz and Cohn LLP
One South Wacker Drive
28th Floor
Chicago, IL 60606-4617
Telephone:  (312) 701-9339

*Counsel for Kidds Restaurant, Inc.*

Gerald L. Maatman, Jr., Esq.
E-mail:  gmaatman@seyfarth.com
Matthew Gagnon, Esq.
E-mail:  mgagnon@seyfarth.com
Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago, IL 60603-5577
Telephone:  (312) 460-5000

*Counsel for Jimmy John's LLC, Jimmy*
*John's Enterprises, LLC, & Jimmy*
*John's Franchise, LLC*